**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| HORIZON COMICS PRODUCTIONS, INC.<br><br>*Plaintiff,*<br><br>v.<br><br>MARVEL ENTERTAINMENT, LLC,<br>MVL FILM FINANCE, LLC,<br>MARVEL WORLDWIDE INC.,<br>MARVEL STUDIOS, LLC,<br>THE WALT DISNEY COMPANY,<br>DMG ENTERTAINMENT LLC, AND<br>DOES 1 THROUGH 10, INCLUSIVE<br><br>*Defendants.* | Civil Action No. 15-11684 |

**COMPLAINT FOR COPYRIGHT INFRINGEMENT
AND UNFAIR AND DECEPTIVE BUSINESS PRACTICES AND
DEMAND FOR JURY TRIAL**

The plaintiff, Horizon Comics Productions, Inc. ("Plaintiff"), brings this action to vindicate

its rights against the defendants Marvel Entertainment, LLC and related entities (hereinafter

collectively referred to as "Marvel" or "Defendants"), who are the creators of the *Iron Man* and

*The Avengers* movie franchises (hereinafter referred to as the "Films").  Comic book artists Ben

and Ray Lai (owners of the Plaintiff corporation) created the comic book series *Radix* in 2001,

years before Defendants' release of the Films. The characters in *Radix* wear highly detailed,

mechanized suits of body armor.  Shortly after *Radix's* release, the Lai brothers submitted their

work in *Radix* to Marvel, and were hired by Marvel as artists, on account of that work. In the

Films, which followed a few years later, the traditional depiction of the protagonist in Marvel's

comic books, "Iron Man," radically changed.  In the Films, Iron Man is depicted wearing

mechanized body armor that appropriates the copyrighted artistic work of the Plaintiff without

authorization or attribution.  Defendants' actions are in violation of the Copyright Act of the

United States 17 U.S.C. § 101 *et seq.* and M.G.L. c. 93A, § 2, and entitle the Plaintiff to the

requested relief.

**Parties**

1.        Plaintiff is a Canadian corporation and is the owner of all rights, including

copyright, in and to the *Radix* series of comic books and the advertising and promotional

materials associated therewith (collectively, the "Radix Materials").  Its rights are evidenced by

United States Copyright Registration Nos. TX0007905283, TX0007948821, and

TX0007948818, each of which it owns as works made for hire or via assignment, Registration

No. VA0001950739 and pending United States Copyright application case nos. 1-2327783378

and 1-2327783301.

2.        Defendant Marvel Entertainment, LLC ("Marvel Entertainment") is a

corporation organized and existing under the laws of the State of Delaware, with a principal

place of business in New York, NY.

3.        Defendant MVL Film Finance, LLC ("MVL") is a corporation organized and

existing under the laws of the State of Delaware, with a principal place of business that is

unknown to Plaintiff at this time.  MVL is a subsidiary of Defendant Marvel Entertainment.

4.        Defendant Marvel Worldwide Inc. ("Marvel Worldwide") is a corporation

organized and existing under the laws of the State of Delaware, with a principal place of business

in New York, NY. It is a subsidiary of Defendant Marvel Entertainment and is responsible for

Marvel Entertainment's print publications.

5.        Defendant Marvel Studios, LLC ("Marvel Studios") is a corporation organized

and existing under the laws of the State of Delaware, with a principal place of business in

Burbank, CA.  Marvel Studios is a television and motion picture studio.

6.        Defendant The Walt Disney Company ("Disney") is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business in Burbank, CA.  Disney is a mass-media corporation.

7.        Defendant DMG Entertainment, LLC ("DMG") is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business in Beijing, China.  DMG is a movie production company that contributed as a production partner for *Iron Man 3*.

8.        The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants sued herein as Does 1 through 10, are unknown to Plaintiff, who therefore sues such defendants by such fictitious names (the "Doe Defendants"). Plaintiff will seek leave of Court to amend this complaint to state their true names and capacities when they have been ascertained.  Plaintiff is informed and believes and on that basis avers that the Doe Defendants are liable to Plaintiff as a result off their participation in all or some of the acts set forth herein.  Marvel Entertainment, MVL, Marvel Worldwide, Marvel Studios, Disney, DMG, and the Doe Defendants are referred to collectively herein as "Defendants."

9.        Plaintiff is informed and believes, and on that basis avers, that at all times mentioned in this complaint, each of the Defendants was the agent and/or alter ego of each of the other Defendants and, in doing the things alleged in this complaint, was acting within the course and scope of such agency.

## JURISDICTION

10.        This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101, *et seq.*, and unfair

methods of competition and deceptive business practices under M.G.L. c. 93A, § 2.

11.     This Court has subject matter jurisdiction over Plaintiff's claims under the

Copyright Act pursuant to 28 U.S.C. §§ 1331 and 1338(a), and supplemental jurisdiction over

Plaintiff's claims under M.G.L. c. 93A, § 2 pursuant to 28 U.S.C. § 1338(b).

12.     This Court has personal jurisdiction over Defendants because, among other

things, Defendants are doing business in the Commonwealth of Massachusetts and in this

judicial district, the acts of infringement, unfair competition, and deception complained of herein

occurred in the Commonwealth of Massachusetts and in this judicial district, and Defendants

have caused injury to Plaintiff and its intellectual property in this judicial district.

13.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c), and/or

§ 1400(a).

### Facts

14.     The comic book *Radix* was created by the Lai brothers in early 2001.  Plaintiff

published three volumes of *Radix*, one each in December 2001, February 2002, and April 2002.

In the comic books, heroic characters wear highly detailed, futuristic, armored, and weaponized

suits of body armor to fight enemies.

15.     In March 2002, the Massachusetts Institute of Technology ("MIT"), one of the

United States' premier scientific research institutions, incorporated an illustration that was

substantially similar to an illustration from *Radix* in an application for a $50 million

nanotechnology research grant from the United States Army to create what became the Institute

for Soldier Nanotechnology.  One of the purposes of the grant was to develop a new generation

of body armor for soldiers.  MIT was awarded the grant.

16.     After several months, MIT issued a public apology to the Lai brothers for its

unauthorized use of the Radix image.  The controversy and MIT's apology were widely reported in the media.

17.       Less than a month after MIT's apology, Marvel hired the Lai brothers to work as artists on its various comic book franchises.  The timing and negotiations leading to the Lai brothers' hiring confirmed that the Lai brothers' artistic work on *Radix* was a key reason for their employment.

18.       Moreover, even before the MIT controversy, the Lai brothers had personally distributed *Radix* promotional materials to various key personnel at Marvel.

19.       Marvel's "Iron Man" comic book character first appeared in 1963.  From that time until the first movie in the franchise was released, the comic typically depicted Iron Man wearing simple spandex-like attire and minimal armor.

20.       In contrast, the Films depict Iron Man wearing a fully mechanized suit of body armor.  The plot of each *Iron Man* Film centers on the protagonist as he creates and builds increasingly powerful and futuristic versions of this body armor (each a "Suit" and, collectively, the "Suits") that allow him to fly, shoot projectiles, and perform other superhuman feats.  Dozens of Suits are created, each one more advanced than the last, and all of them represent a stark departure from the simple attire depicted in the comic book series.  The Suits – both their development and the effects they have on their wearers and humanity at large – are essential elements of the *Iron Man* Films' plots.

21.       Representative examples of the Iron Man suit as originally depicted in *Iron Man* comic books and then as depicted in the Films are attached hereto as Exhibit A.

22.       In addition to their appearance in the Films, the Suits are also featured prominently in Defendants' marketing and advertising materials relating to the Films, are the

primary subject of at least two art books published under the titles *The Art of Iron Man 2* (Marvel

Worldwide, Inc. 2011) and *The Art of Iron Man 3* (Marvel Worldwide, Inc. 2013), and are

reproduced in a range of merchandise relating to the films, including toy action figures (the

forgoing collectively referred to herein as the "Iron Man Materials").

23.      On account of their popularity, the Films have grossed nearly $4 billion

worldwide.

24.      It was not until after the Lai brothers' submitted their work in *Radix* to Marvel

that Marvel began depicting Iron Man wearing the Suits.  The Suits are substantially similar to

the armor depicted in the Radix Materials years earlier. Neither the Lai brothers nor Plaintiff

authorized any of the Defendants to exploit the Radix Materials in these or any other ways.

25.      The depiction of Iron Man in the Iron Man Materials infringes Plaintiff's rights

in its copyrighted Radix Materials.

26.      For example, Defendants' poster promoting *Iron Man 3* ("Poster") is a copy of

a promotional piece of art for the *Radix* comic.  An image of the Poster, alongside promotional

art from *Radix* created years earlier, is attached as Exhibit B.  The Iron Man character, including

the Suit, as depicted in the Poster is the same or substantially similar to the character as he

appears throughout the Iron Man Materials.

27.      Upon the Poster's release, Plaintiff sent a cease and desist letter to Defendants

Marvel Entertainment and Disney notifying them of Plaintiff's rights in the *Radix* series and

demanding that all infringement stop.  Marvel Entertainment expressly refused to comply with

Plaintiff's demands, thereby forcing Plaintiff to file this action.

## COUNT I

## COPYRIGHT INFRINGEMENT
### (17 U.S.C. §§ 106 and 501)
(By Plaintiff against Defendants)

28.     Plaintiff incorporates herein by this reference each and every averment contained

in Paragraphs 1 through 27**Error! Reference source not found.**, inclusive.

29.     Defendants had access to the Radix Materials.

30.     Through their conduct averred herein, Defendants have infringed Plaintiff's

copyrights in the Radix Materials in violation the Copyright Act, 17 U.S.C. §§ 106 and 501.

31.     Defendants' acts of infringement are willful, intentional and purposeful, in

disregard of and with indifference to Plaintiff's rights.

32.     As a direct and proximate result of such infringement by Defendants, Plaintiff is

entitled to damages in an amount to be proven at trial.

33.     Plaintiff is also entitled to Defendants' profits attributable to the infringement,

pursuant to 17 U.S.C. § 504(b), including an accounting of and a constructive trust with respect

to such profits.

34.     Plaintiff further is entitled to its attorneys' fees and full costs pursuant to 17

U.S.C. § 505 and otherwise according to law.

35.     As a direct and proximate result of the forgoing acts and conduct, Plaintiff has

sustained and will continue to sustain substantial, immediate, and irreparable injury, for which

there is no adequate remedy at law. Plaintiff is informed and believes, and on that basis avers,

that unless enjoined and restrained by this Court, Defendants will continue to infringe Plaintiff's

rights in the Radix Materials.

## COUNT II

## UNFAIR COMPETITION AND DECEPTIVE TRADE PRACTICES
### (M.G.L. c. 93A)
(By Plaintiff against Defendants)

36.     Plaintiff incorporates herein by this reference each and every averment contained in Paragraphs 1 through 35, inclusive.

37.     Defendants' activities complained of herein constitute unfair competition and deceptive trade practices under M.G.L. c. 93A, § 2.

38.     Defendants have caused, and will continue to cause, irreparable harm to Plaintiff unless enjoined.

39.     Upon information and belief, Defendants have profited from their unlawful and deceptive practices and have been unjustly enriched to the detriment of Plaintiff.  Defendants' unlawful actions have caused Plaintiff monetary damage.

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, jointly and severally, as follows:

1.  For damages in such amount as may be found, or as otherwise permitted by law.

2.  For three times Plaintiff's damages resulting from Defendants' actions hereunder as provided for in M.G.L. c. 93A, § 9.

3.  For an accounting of, and the imposition of a constructive trust with respect to, Defendants' profits attributable to the infringements of Plaintiff's Radix Materials.

4.  For a permanent injunction prohibiting Defendants, and their respective agents, servants, employees, officers, successors, licensee and assigns, and all persons acting in concert of

participating with each of any of them, from continuing to infringe Plaintiff's copyrights in the

Radix Materials.

5.  For prejudgment interest according to law.

6.  For Plaintiff's attorneys' fees, costs, and disbursements in this action.

7.  For such other and further relief as the Court may deem just and proper.


DATED: April 23, 2015                          Respectfully submitted,

                                               HORIZON COMICS PRODUCTIONS, INC.


                                               By: /s/ Jeffrey Wiesner
                                               Jeffrey Wiesner, BBO# 655814
                                               Shapiro, Weissberg & Garin, LLP
                                               90 Canal Street
                                               Boston, MA 02114
                                               Telephone: (617) 742-5800
                                               Facsimile: (617) 742-5858
                                               jwiesner@swglegal.com

                                               Paul S. Sennott, BBO# 670571
                                               Sennott & Williams, LLP
                                               90 Canal Street
                                               Boston, MA 02114
                                               Telephone: (617) 303-1656
                                               Facsimile: (617) 303-1666
                                               psennott@sennottwilliams.com